IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BEAUPRE MONTFORD, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| DEKALB COUNTY, | : | CIVIL ACTION NO. |
| Defendant. | : | 1:10-CV-1868-RWS |

**ORDER**

Plaintiff, Beaupre Montford, confined in the DeKalb County Jail, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action. The matter is now before the Court on the complaint, as amended (Doc. Nos. 4, 8),[1] for screening under 28 U.S.C. § 1915A.

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous

---

[1] Plaintiff was ordered to amend, and his two amended complaints supercede and replace his initial complaint. (See Doc. No. 3 at 3.)

when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

The court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.

2

1998) (citations omitted), <u>overruled on other grounds as recognized in</u> <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010).  A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992).

  In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  <u>See</u> <u>Chappell v. Rich</u>, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); <u>see also</u> 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against DeKalb County. (Doc. No. 4 at 1.) Plaintiff indicates that he was born with an imperforate anus or anorectal malformation,[2] which requires him to "flush his own bow[el]s." (Id. ¶ IV.) Plaintiff complains that, (1) although he was told by the nurse that he would be seen by medical three times a week, one time he went three weeks and another time he went twenty days without being seen; (2) he is not receiving the medical attention he needs for his condition; and, (3) although he asks every officer on the floor to call medical and tells them that he is supposed to go three times a week, he is told "we are going to call, and we have guidelines to follow," and he never hears a response from anyone. (Doc. No. 8 ¶ IV; see also Doc. No. 4 ¶ IV.) Plaintiff contends that he experiences severe stomach pain, chest pain, difficulty breathing and sleeping, and loss of appetite because he is full of stool. (Doc. No. 4 ¶ IV; Doc. No. 8, letter dated Oct. 13, 2010.) Plaintiff seeks injunctive relief and damages. (Doc. No. 4 ¶ V.)

The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To show deliberate indifference

---

[2] See MedlinePlus, Imperforate anus, http://www.nlm.nih.gov/medlineplus/ency/imagepages/9450.htm (last visited February 9, 2011).

to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1243, 1245-46 (11th Cir. 2003). Deliberate indifference may be shown by refusal to provide medical care, deliberate delay in treating a serious medical condition, administering "grossly inadequate care," "a decision to take an easier but less efficacious course of treatment," or " medical care which is so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (citations omitted).

To succeed on a claim against a county, the plaintiff must identify a county custom or policy and show that the policy or custom was the "moving force behind the constitutional violation." Grech v. Clayton County, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (internal quotations and brackets omitted); Farred v. Hicks, 915 F.2d 1530, 1532-33 (11th Cir. 1990) (holding that the plaintiff's allegations that the "County Police Department has failed to effectively train him [officer] not to unlawful [sic] detain a person without probable cause to arrest" was sufficient to state a claim against the county based on a policy or custom).

It appears that Plaintiff has serious medical needs and that the care he is receiving may not be adequate. However, his allegations are insufficient to hold

5

DeKalb County liable on the basis of a county custom or policy. Officers' statements such as – "we are going to call, and we have guidelines to follow" – are too ambiguous to show a county policy of disregarding scheduled medical care such as Plaintiff's tri-weekly schedule for medical care. Notwithstanding his chance to amend, Plaintiff fails to state a claim against the named Defendant, DeKalb County, and this action must be dismissed.

### III. Conclusion

For the reasons given,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, this action against DeKalb County is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED,** this  14th  day of February, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)